UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW N. FULTON, DDS, P.C., individually and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>ENCLARITY, INC., LEXISNEXIS RISK SOLUTIONS INC., LEXISNEXIS RISK SOLUTIONS GA INC., LEXISNEXIS RISK SOLUTIONS FL INC., and JOHN DOES 1-12,<br><br> Defendants. | Case No. 16-CV-13777<br><br>District Judge Denise Page Hood<br><br>Magistrate Judge R. Steven Whalen<br><br>**CLASS ACTION** |

**PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS' PRODUCTION OF INFORMATION
CONCERNING OTHER SIMILAR FAXES**

Plaintiff Matthew N. Fulton, DDS, P.C. ("Plaintiff"), by counsel and pursuant Federal Rule of Civil Procedure 37, hereby moves for an order compelling Defendants to comply with Plaintiff's written discovery in so far as those requests seek documents and information relating to faxes similar to the faxes attached to Plaintiff's Amended Class Action Complaint as Exhibit A. ECF 1-1.

Plaintiff has incorporated its supporting memorandum of law.

Pursuant to Local Rule 7.1, Plaintiff engaged in a teleconference and subsequent email exchanges with counsel for Defendants in which Plaintiff explained the nature of the request and its legal basis but did not obtain concurrence in the relief sought.

INCORPORATED BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' PRODUCTION OF INFORMATION CONCERNING OTHER SIMILAR FAXES

Plaintiff Matthew N. Fulton, DDS, P.C. ("Plaintiff"), by counsel, submits this memorandum of law in support of its motion to compel.

## I. Introduction

Defendants regularly sent broadcasts of faxes soliciting participation in surveys. Plaintiff received at least one of those survey solicitation faxes, and asserts claims under the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA"), also seeking certification of a class of all persons who received similar faxes. A copy of the fax Plaintiff received in September 2016 is attached as Exhibit A.

Plaintiff is entitled to discovery concerning not only the fax it knows it received, but all similar faxes sent by Defendants. It is undisputed that Defendants have sent the same fax on many occasions to many other recipients. For example, in another case, Dr. Florence Mussat and George Garrett DDS are asserting TCPA claims against Defendants based on similar faxes sent in February, May and December 2015. *Mussat v. Enclarity, Inc.,* 16-cv-7643 (N. D. Ill.) (*"Mussat"*). See Exhibits B and C. Defendants have admitted that this case and *Mussat* "involves the same

3

TCPA claim and the *same fax* at issue." *Mussat,* ECF 40, PageID #211, attached as Exhibit D.

Defendants, however, have refused to produce information relating to broadcasts of other than the one in which Plaintiff was included. Plaintiff thus seeks an order overruling Defendants' objections and compelling them to produce documents and interrogatory responses concerning broadcasts of faxes similar to the ones sent to Plaintiff.

## II. Background

On October 24, 2016, Plaintiff brought this action on behalf of itself and all others similarly situated, seeking to certify the following class specifically tailored to include persons who received faxes similar to those Plaintiff received:

> Each person sent one or more telephone facsimile messages from "LexisNexis" or "Enclarity," requesting that they "verify" or "update" their contact information, but not stating on its first page that the fax recipient may request that the sender not send any future fax and that its failure to comply with such a request within 30 days would be unlawful.

ECF 1, ¶ 44. Plaintiff also specifically stated that it anticipated "modifying the proposed class definition … after discovery about the scope of Defendants' fax advertising practices." *Id.*

4

### A. Motion to dismiss and appeal.

On December 16, 2016, Defendants moved to dismiss Plaintiff's class action complaint, arguing that the fax did not qualify as an advertisement under the TCPA. ECF 18. The District Court agreed and granted Defendants' motion to dismiss. ECF 25.

On appeal, the Sixth Circuit reversed and remanded, finding that Plaintiff "plausibly alleged that the fax was an unsolicited advertisement insofar as it alleged that the fax served as a pretext to send [Plaintiff] additional marketing materials." *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 907 F.3d 948, 949 (6th Cir. 2018), *reh'g denied* by *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 2018 U.S. App. LEXIS 36638 (6th Cir. Mich., Dec. 27, 2018). Defendants then filed a petition for a writ of certiori. *Enclarity Inc. v. Fulton*, 140 S. Ct. 104 (2019). The Supreme Court issued a grant, vacate, and remand order, instructing the Sixth Circuit to reconsider its holding in light of the recent opinion in *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051 (2019). The Sixth Circuit found that *PDR* had no impact on its ruling, reaffirming its holding that Plaintiff "stated a

plausible TCPA claim under the fax-as-pretext theory." *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 891 (6th Cir. 2020).

On remand, the Court entered a renewed scheduling order, setting May 7, 2021, as the new deadline to complete fact discovery.[1] ECF 43.

### B. Evidence that Defendant sent similar faxes.

It is undisputed that Defendants have sent the same fax on many occasions to many other recipients in broadcasts separate from the September 2016 broadcast in which Plaintiff was included. A side by side comparison of the fax sent to Plaintiff with the faxes sent to the *Mussat* plaintiffs shows that they are virtually identical. *Compare* Exs. A, B and C. The faxes contain an identical LexisNexis logo, an identical subject line, an identical text paragraph, identical "Yes" and "No" verification boxes and confirmation. The only difference between the faxes is that a merge program inserts the recipient's contact information and ID number into the fax.

Indeed, Defendants have admitted that this case and *Mussat* "involves the same TCPA claim and the *same fax* at issue." Ex. D.

---

[1] Currently pending is Plaintiff's unopposed motion to extend the fact discovery deadline by 30 days, to and including June 7, 2021. ECF 65.

### C. Discovery dispute regarding similar faxes.

Throughout its discovery requests, Plaintiff asked Defendants to produce documents and information concerning faxes similar to the ones sent to Plaintiff. To that end, Plaintiff defined the term "Fax Verification Request" to track the proposed class definition, meaning "any facsimile transmitted by or for any of Defendants that is similar or identical to the fax Plaintiff received on September 7, 2016. *See, e.g.*, Ex. A. Defendants cannot seriously complain that they do not know what a Fax Verification Request is, because "Fax Verification Request" is Defendants' own terminology. All of the faxes Defendants sent to Plaintiff, Mussat or Garrett use the term "Fax Verification Request" in the body text of the fax: "The purpose of this Fax Verification Request is …." *See* Exs. A-C.

Plaintiff's discovery requests specifically seek information concerning all Fax Verification Requests developed or transmitted since May 20, 2016.[2] Ex. E at nos. 3-9; Ex. F at nos. 12-22. For example:

> For each Fax Verification Request transmitted or broadcast by facsimile at any time since May 20, 2016, identify each person with knowledge about its development, creation, or

---

2  Plaintiff's first set of interrogatories directed to Defendants is attached hereto as <u>Exhibit E</u>; Plaintiff's first set of document requests directed to Defendants is attached hereto as <u>Exhibit F</u>.

transmission, and state the general subject matter of each such person's knowledge and involvement.

Ex. E at no. 4; and

All documents relating to the creation or development of any Fax Verification Request.

Ex. F at no. 12.

On February 11, 2021, Defendants served written objections and responses to Plaintiff's first set of interrogatories and document requests.[3] In their responses, Defendants objected to the definition of "Fax Verification Request" as follows:

Defendants object to the definition of "Fax Verification Request" on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "any facsimile transmitted by or for any of Defendants" "that is similar or identical to the fax Plaintiff received on September 7, 2016," and to the extent that it exceeds the scope of the proposed class as alleged in the Complaint. Defendants further object to the definition of "Fax Verification Request" on the grounds that it is vague and ambiguous, including as to the meaning of "similar … to the fax Plaintiff received on September 7, 2016."

Ex. F, p. 5. *See also* Ex. E at p. 5 (same).

---

[3] Defendants' objections and answers to Plaintiff's first set of interrogatories is attached hereto as Exhibit G; Defendants' objections and Responses to Plaintiff's first set of document requests is attached hereto as Exhibit H.

8

Throughout their responses to Plaintiff's document requests, Defendants state that their production will be limited to:

> relevant, nonprivileged, responsive documents for the faxes transmitted with Exhibit A that are within Enclarity's possession, custody, or control, to the extent such documents are located after a reasonable search, after an appropriate Protective Order is entered by the Court.

*See, e.g.*, Ex. H at no. 13.

In their interrogatory responses, Defendants similarly represent that they intend to "provide responsive information for the faxes transmitted with Exhibit A, through the production of documents.[sic] pursuant to Fed. R. Civ. P. 33(d), to the extent such documents are located after a reasonable search, after an appropriate Protective Order is entered by the Court." *See, e.g.*, Ex. G at nos. 3, 6-7, 9.

On February 19, 2021, Plaintiff's counsel sent defense counsel a letter, Exhibit I, outlining various issues including Plaintiff's entitlement "to discovery regarding faxes similar to the ones specifically transmitted to Plaintiff to clarify the scope of the class definition," and requesting that Defendants supplement their responses by February 26, 2021 to address all such Fax Verification Requests, even if they were not specifically transmitted to Plaintiff." Ex. I, p. 4.

9

On February 25, 2021, the parties met and conferred regarding the issues raised in Plaintiff's letter, but were not able to resolve the dispute. Exhibit J (email).

### III. Argument

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). And in class actions, "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016).

Here, Plaintiff has requested discovery concerning the nature and scope of the class that Plaintiff will ultimately seek to certify, which presently includes:

> Each person sent one or more telephone facsimile messages from "LexisNexis" or "Enclarity," requesting that they "verify" or "update" their contact information, but not stating on its first page that the fax recipient may request that the sender not send any future fax and that its failure to comply with such a request within 30 days would be unlawful.

ECF 1, ¶ 44. The needed discovery includes, at a minimum, the fax templates, target lists, records relating to transmission, source data used

10

to compile target lists, and information relating to same. Ex. E at nos. 4-9; Ex. F at nos. 2, 12-20.

Through the meet and confer process Defendants have made clear that they do not intend to produce information or documents concerning any Fax Verification Requests other that those sent in the same broadcast as the one Plaintiff received. Defendants have refused to produce information concerning Fax Verification Requests other than the broadcast to Plaintiff.

In TCPA class actions, discovery is permitted to clarify the class definition, including to "reveal whether faxes received by other members of the putative class do or do not share essential characteristics with those received by Plaintiff." *Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 247-49 (S.D. Ohio 2017) ("This is no fishing expedition—it is a surgical strike"). Courts across the country agree that requests like Plaintiff's—for documents and information related to other Fax Verification Requests—pass the "threshold relevance test" where there are facts or evidence sufficient to show that other such similar faxes were, indeed, sent during the class period. *Steven A. Conner, DPM, P.C. v. Optum 360, LLC*, No. 17-cv-1642, 2017 U.S. Dist. LEXIS 203883, at

11

*3-5 (E.D. Pa., Dec. 12, 2017).[4] *Compare West Loop Chiropractic & Sports Injury Ctr., Ltd. v. N. Am. Bancard, LLC*, No. 16-cv-5856, 2017 U.S. Dist. LEXIS 13366, at *4-5 (N.D. Ill., Jan. 30, 2017) (compelling discovery regarding faxes similar but not directed to the plaintiff where tangible evidence showed other similar faxes were sent) *with Fauley v. C. Specialties, Inc.*, No. 15-cv-5581, 2015 U.S. Dist. LEXIS 147113, at * (N.D. Ill., Oct. 28, 2015) (denying discovery relating to faxes concerning any subject matter because a single improper fax message, by itself, is not a "sufficient basis for a reasonable belief that Defendant has sent other improper faxes (presumably to individuals other than Plaintiff)

---

[4] In *Connor*, the court denied discovery into all fax advertisements transmitted during the statutory period and referencing at least one of the defendant's various websites, regardless of whether those other fax advertisements shared any characteristics with the fax attached to the plaintiff's complaint, because the plaintiff had not "alleged any facts to show that Defendant sent any noncompliant faxes other than the one Plaintiff attached to its Complaint," and therefore could not pass the threshold reelvancy test. That is different from the case here, where Defendants admitted to sending other Fax Verification Requests, and other Fax Verification Requests have been produced in related class actions.

during the past four years").5

In *West Loop*, for example, the defense argued discovery relating to faxes similar but not directed to the plaintiff was irrelevant. *West Loop*, at \*2. In overruling those objections, the *West Loop* court noted that:

> A number of courts in TCPA cases have certified classes similar in definition and scope to the class Plaintiffs here plan to ask the court to certify, that is, a class that includes people who did not receive the exact same fax that the named plaintiffs received but received faxes of a similar nature during a four year statute of limitations look-back period.

*Id.*, at \*3 *citing Alpha Tech Pet, Inc. v. Lagasse*, 205 F. Supp. 3d 970, 2016 U.S. Dist. LEXIS 120452, 2016 WL 4678316 (N.D. Ill. Sept. 7, 2016); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, LLC*, 2012 U.S. Dist. LEXIS 174222, 2012 WL 6106714 (N.D. Ill. Dec. 6, 2012); *Bridgeview Health Care Center, Ltd. v. Clark*, 2011 U.S. Dist. LEXIS 113609, 2011 WL 4628744 (N.D. Ill. Sept. 30, 2011); *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp.2d 802 (N.D. Ill. 2008).

---

5    *See also Physicians Healthsource, Inc. v Masimo Corp.,* No. SACV 14-00001 JVS (ADSx), 2019 U.S. Dist. LEXIS 78024 (C.D. Cal. Feb. 27, 2019) (plaintiff entitled to discovery of faxes it did not itself receive); *Beets v. Molina Healthcare, Inc.,* No. 16-5642-CAS (KSx), 2019 U.S. Dist. LEXIS 131104 (C. D. Cal. April 9, 2019)(in robocall case, granting discovery as to "any calling campaigns using any kind of dialer and/or prerecorded or artificial voice").

The court found that defendant admitted to sending out other, similar faxes, and the plaintiff was able to identify at least one recipient of those other, similar faxes. *Id.* at *3. "Therefore, Plaintiffs' discovery requests in [*West Loop*] [were] grounded in something more than mere speculation and suspicion." *Id.*, at *5. Because "the information [that the plaintiff] seeks is relevant to a decision concerning the scope and definition of any class that might be certified in this case," the court overruled the defendant's relevancy and overbreadth objections, while specifically noting:

> This does not mean that Plaintiff necessarily will be able to satisfy their burden of showing that a class that includes people who received faxes similar to those sent to the named Plaintiffs is appropriate. It only means that Plaintiffs are entitled to discovery that will help them make that argument.

*Id.*[6]

Here, like *West Loop*, Plaintiff's discovery requests "are grounded in something more than mere speculation and suspicion," *West Loop*, at

---

[6]  *Accord Brodsky v. HumanaDental Ins. Co.*, No. 1:10-cv-03233, 2016 U.S. Dist. LEXIS 134235 (N.D. Ill. Sept. 29, 2016) (permitting discovery into other faxes but ultimately declining to certify a class including those other faxes because, after a full review of the facts, the courts determined those other faxes were not sufficiently similar to the ones received by the plaintiff); *Uesco Indus. v. Poolman of Wis., Inc.*, 2013 Ill. App. (1st) 112566 (2013) (same).

14

*4-5. It is undisputed that Defendants have sent the same fax on many occasions to many other recipients in broadcasts separate from the September 2016 broadcast in which Plaintiff was included. A side by side comparison of the fax sent to Plaintiff with the faxes sent to the *Mussat* plaintiffs shows that they are virtually identical. *Compare* Exs. A, B and C. The faxes contain an identical LexisNexis logo, an identical subject line, an identical text paragraph, identical "Yes" and "No" verification boxes and confirmation. The only difference between the faxes is that a merge program inserts the recipient's contact information and ID number into the fax. Thus, "the information [that Plaintiff] seeks is relevant to a decision concerning the scope and definition of any class that might be certified in this case," *id.*, and should therefore be produced.

## IV. Conclusion

Plaintiff requests that the Court grant the present motion, compel ITG to produce all documents and information responsive to Plaintiff's written discovery requests relating to all similar faxes as discussed herein, and grant any further relief that the Court deems just and proper.

Dated: March 10, 2021          Respectfully submitted,

                                           By: /s/ *Jonathan B. Piper*
                                                 One of Plaintiff's Attorneys

Phillip A. Bock (*pro hac vice*)
Jonathan B. Piper (*pro hac vice*)
Bock Hatch & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
(312) 658-5500
(312) 658-5555 (fax)
service@classlawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2021, a true and correct copy of the foregoing was served via the court's ECF system on all counsel of record.

By: /s/ *Jonathan B. Piper*
One of Plaintiff's Attorneys