# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW N. FULTON, DDS, P.C. Individually and as the representative of a class of similarly-situated persons, | Case No. 16-cv-13777 |
| Plaintiff, | Chief Judge Denise Page Hood |
| v. | |
| ENLARITY, INC., LEXISNEXIS RISK SOLUTIONS INC., LEXISNEXIS RISK SOLUTIONS GA INC., LEXISNEXIS RISK SOLUTIONS FL INC., and JOHN DOES 1-12, | |
| Defendants. | |

## INTERVENORS' RESPONSE TO PLAINTIFF'S MOTION
## FOR RULE TO SHOW CAUSE

Florence Mussat, M.D., S.C. and Dr. G. Neil Garrett (collectively, the "Intervenors"), by and through their undersigned counsel, respectfully request that this Honorable Court provide Intervenors the opportunity to be heard at the hearing on Plaintiff's motion for rule to show cause, now scheduled for June 23, 2021, at 10:00 a.m. (ECF No. 89).

## ISSUES PRESENTED

1.  Whether the Fulton Plaintiff's counsel's failure to comply with Local Rule 7.1(a)(1), (a)(2)(A) are grounds to deny the motion for rule to show cause when

the Fulton Plaintiff's represented to the Court that "Plaintiff has sought the concurrence of . . . the Interveners . . . to the relief requested and asked them to file an appropriate withdrawal motion of their own behalf, but has not been able to resolve this motion", ECF No. 85, PageID.1566 ¶ 8, when the Plaintiff's counsel never sought concurrence regarding a motion to show cause nor indicated that showing cause would be the relief requested? (Exhibit A).

      2.      Whether the Fulton Plaintiff's counsel's failure to comply with Local Rule 7.1(d)(2) is a ground to deny the motion for rule to show cause whereas the Fulton Plaintiff's motion is not accompanied by a brief and fails to cite any case law?

## CONTROLLING AUTHORITY

E.D. Mich. L.R. 7.1(a)(1), (a)(2)(A), (d)(2).

## MEMORANDUM IN RESPONSE

## FACTS

      1.      Plaintiff's counsel never sought concurrence regarding a motion to show cause nor indicated that showing cause would be the relief requested. (Exhibit A).

      2.      No notice of dismissal in *Florence Mussat, M.D., S.C. v. Enclarity, Inc.*, 16-cv-7643, (N.D. Ill.), has been filed even though a notice of settlement was filed with the court.

3. On May 18, 2021, in *Florence Mussat, M.D., S.C. v. Enclarity, Inc.*, 16-cv-7643, ECF No. 136 (N.D. Ill. May 18, 2021), the court entered an order that in part stated, "[a]nother status report is due on 6/21/21 if the parties have not filed a stipulated dismissal by that date."

## ARGUMENT

The motion should be denied for the Fulton Plaintiff's failure to follow the District's Local Rules. However the Intervenors, though their counsel, would also like to address the three topics below at on the hearing date. The topics the Intervenors would like to discuss are:

1. Whether the Court has jurisdiction over the proposed Intervenors to show cause, in light of the fact that the Court has not yet ruled on the motion to intervene, filed September 9, 2020, ECF No. 47, and has not given any indication since October 29, 2020, that a ruling would be made?;

2. Whether the proposed Intervenors must act in any manner prior to June 21, 2021, the date the Court in the Northern District of Illinois ordered the parties to file another status report if the parties have not filed a stipulated dismissal? *See Florence Mussat, M.D., S.C. v. Enclarity, Inc.*, 16-cv-7643, ECF No. 136 (N.D. Ill. May 18, 2021) ("Another status report is due on 6/21/21 if the parties have not filed a stipulated dismissal by that date."); and

      3.      Whether the Intervenors would be entitled to any relief from this Court for having to respond to Fulton's motion to show cause under the circumstances?

As to the motion to show cause itself, it should be denied as Fulton Plaintiff's counsel's failed to comply with Local Rule 7.1(a)(1), (a)(2)(A) in that the Fulton Plaintiff's counsel represented to the Court that, "Plaintiff has sought the concurrence of . . . the Interveners . . . to the relief requested and asked them to file an appropriate withdrawal motion of their own behalf, but has not been able to resolve this motion", ECF No. 85, PageID.1566 ¶ 8, when the Plaintiff's counsel never sought concurrence regarding a motion to show cause nor indicated that showing cause would be the relief requested? (Exhibit A). A motion is properly denied when the party "fail[s]" to follow Local Rule 7.1 with respect to attempting to seek concurrence." *Sroka v. Wal-Mart Stores E. Lp*, No. 2:16-cv-10149, 2018 U.S. Dist. LEXIS 238252, at *2 (E.D. Mich. Apr. 9, 2018).

Also Fulton Plaintiff's counsel's failure to comply with Local Rule 7.1(d)(2) is another ground to deny the motion for rule to show cause whereas the Fulton Plaintiff's motion is not accompanied by a brief and fails to cite any case law that supports a motion to show cause in this case. "'Judges are not like pigs, hunting for truffles' that might be buried in the record.'" *Emerson v. Novartis Pharm. Corp.*, 446 Fed. Appx. 733, 736 (6th Cir. 2011) (quoting *United States v. Dunkel*, 927 F.2d

4

955, 956 (7th Cir. 1991) (per curiam). As such, the Court should not indulge Fulton's legally unsupported motion to show cause.

## CONCLUSION

WHEREFORE the "Intervenors" respectfully request that this Honorable Court to deny Fulton's motion to show cause and request an opportunity to be heard on June 23, 2021, at 10:00 a.m. to address the three topics raised above.

Respectfully submitted,

s/ Curtis C. Warner (P59915)
Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St.
Ste. 250
Corning, NY 14830
(888) 551-8685 (TEL)
cwarner@warner.legal

## CERTIFICATE OF SERVICE

I hereby certify that on **May 26**, **2021,** I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to the attorneys of record:

Respectfully submitted,
s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
5 E. Market St.
Ste. 250
Corning, NY 14830
(888) 551-8685 (TEL)
cwarner@warner.legal

5