# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW N. FULTON, DDS, P.C., individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ENCLARITY, INC., LEXISNEXIS RISK SOLUTIONS INC., LEXISNEXIS RISK SOLUTIONS GA INC., LEXISNEXIS RISK SOLUTIONS FL INC., and JOHN DOES 1-12,<br><br>Defendants. | Case No. 16-CV-13777<br><br><br>District Judge Denise Page Hood<br>Magistrate Judge R. Steven Whalen<br><br>**FINAL ORDER AND JUDGMENT** |

On April 19, 2024, the Court entered an order [ECF No. 167] granting preliminary approval (the "Preliminary Approval Order") to the January 25, 2024, Class Action Settlement Agreement between Plaintiff Matthew N. Fulton, DDS, P.C., individually and on behalf of the Settlement Class (as defined below) and Defendants Enclarity, Inc., LexisNexis Risk Solutions, Inc., LexisNexis Risk Solutions GA Inc., and LexisNexis Risk Solutions FL Inc.

Commencing on May 10, 2024, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Angeion Group (the "Settlement Administrator"), provided Notice to Settlement Class Members in compliance with Section 3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

a. fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;

b. advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out, or object to the proposed settlement;

c. provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

d. provided the time, date, and place of the Final Approval Hearing.

On September 25, 2024, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable, and adequate and whether judgment should be entered dismissing this Litigation with prejudice. The Court reviewed (a) Plaintiff's Motion and Brief in Support of Final Approval of the Class Action Settlement, Settlement Class Counsel's Fees and Expenses, and Incentive Award to Plaintiff [ECF No. 172] (the "Memorandum"), (b) Plaintiff's motion for preliminary approval [ECF No. 165], and (c) all supporting materials, including but not limited to the Settlement Agreement [ECF No. 165-1]. The Court also considered the oral argument of counsel. No class member filed an objection and no class member appeared at the Final Approval Hearing. Based on this review and the findings below, the Court finds good cause to grant final approval.

IT IS HEREBY ORDERED as follows:

1. The Court has jurisdiction over this Litigation, Plaintiff, Defendants, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement. Venue is proper in this Court.

2.     Pursuant to Rule 23(e), the Court hereby finds the Settlement is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

      a.     Rule 23(e)(2)(A) is satisfied because Plaintiff and Settlement Class Counsel have adequately represented the Settlement Class.

      b.     Rule 23(e)(2)(B) is satisfied because the Settlement was negotiated at arm's length by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, acting in the best interests of their respective clients, under the supervision of an experienced mediator.

      c.     Rule 23(e)(2)(C) is satisfied because the relief provided for the Settlement Class is adequate considering the costs, risks, and delay of trial and appeal. The claims process is a fair and reasonable way to optimize payments and benefits to Settlement Class Members. Defendants will transfer the Settlement Fund to the Qualified Settlement Fund ("QSF") created by the Settlement Administrator in full settlement and satisfaction of Plaintiff's claims. The Settlement Administrator will pay all payments due under the Settlement Agreement, including Settlement Class Counsel's attorneys' fees and expenses that are awarded by the Court, all Settlement administration costs, and any incentive awarded granted to Plaintiff, from the QSF. There is no undisclosed side agreement. Any amounts from checks issued to Authorized Claimants that are uncashed 100 days after the date the checks are mailed, will be distributed *cy pres* to Free & Charitable Clinics of Michigan, a 501(c)(3) organization, c/o City On A Hill, 100 Pine St. Ste. 175, Zeeland, MI 49464. The

Settlement Agreement thus confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

d.   Rule 23(e)(2)(D) is satisfied as the Settlement treats Settlement Class Members equitably relative to each other because they are all eligible for the same per fax share of payments and benefits under the Settlement.

3.   After considering, among other things: (a) the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; (b) the range of the Settlement Class's possible recovery; (c) the complexity, expense, and duration of the Litigation; (d) the substance and amount of opposition to the Settlement; (e) the state of proceedings at which the Settlement was achieved; (f) all written submissions, declarations, and arguments to the Court; and (g) after notice and hearing, the Court finds that the settlement is fair, adequate, and reasonable.

## CERTIFICATION OF THE SETTLEMENT CLASS

4.   The Settlement Agreement contemplates a Settlement Class, which the Court preliminarily certified under Rule 23(e)(1)(B)(ii). The Court now confirms its findings and finally certifies, for settlement purposes only, the following Settlement Class:

All persons (1) to whom Defendants sent one or more faxes during the period between October 30, 2012, and December 6, 2016 (the "Class

Period"), requesting that the recipient review, update, and correct the contact information on the fax for an identified medical provider and return it by fax; and (2) for whom Defendants have produced no record of any contact other than a complaint or request to stop sending such faxes.

Excluded from the Settlement Class are (1) Defendants, any parent, subsidiary, affiliate, or controlled person of any Defendant, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their offices or firms; and (3) the judge(s) assigned to the Action and his or her staff.

## NOTICE TO THE SETTLEMENT CLASS

5. Upon the Declaration of Jonathan P. Shaffer (Angeion Group) [ECF No. 172-1], the Court finds that notice was given to the Settlement Class in accordance with the Preliminary Approval Order, and that the form and content of the Notice, and the procedures for disseminating the Notice, satisfy the requirements of Rule 23(e) and due process and constituted the best notice practicable under the circumstances. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

6. Adequate notice of the proceedings was given to Settlement Class Members, with a full opportunity to participate in the fairness hearing. Therefore, it is hereby determined that all Settlement Class Members who did not properly request exclusion are bound by this Final Order and Judgment.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

7. No Settlement Class Member objected to the Settlement. All persons who did not object to the Settlement in the manner set forth in the Settlement

Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

8. The following eight (8) persons made valid and timely requests to be excluded from the Settlement and the Settlement Class and are thus not bound by the Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement: (1) Debra Miller; (2) Mariche Lavares Yu Fernandez; (3) Michelle Mary Halcomb; (4) John Scott Mahaney; (5) Cynthia Berning; (6) David Bryan Johnson; (7) George Peter Parras; and (8) Lydia M. Hudson. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Defendants in any court, administrative agency, arbitral forum, or other tribunal.

9. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of settlement benefits.

10. Accordingly, the Settlement is **APPROVED** and shall govern all issues regarding the Settlement and all rights of the Parties, including the Settlement Class Members.

11. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the Settlement Class Members that submitted valid Claim Forms and any required tax forms, pursuant to the terms and conditions in the Settlement Agreement.

12. Defendants have created a total settlement fund of $11,500,000 (the "Settlement Fund") to pay all payments related to the Settlement, including approved claims, notice and settlement administration costs, any attorneys' fees

and expenses to Settlement Class Counsel, and any incentive award to Plaintiff. Within 21 days after the Effective Date, Defendants shall transfer the Settlement Fund to the QSF pursuant to instructions provided by the Settlement Administrator. Each Settlement Class Member who timely submitted a valid and non-duplicative Claim Form that is approved and any required tax forms shall be mailed a check from the Settlement Fund for its pro rata share of the Settlement Fund, less other payments approved herein, for each of the Faxes sent to its fax number(s), as reflected in the Settlement Class List. The Settlement Administrator will mail the settlement checks within the later of 60 days after the Effective Date or 30 days after issuance of the list of Authorized Claimants. Checks issued to the Authorized Claimants will be void 100 days after the date of issuance as indicated on the check and the Settlement Administrator will "stop payment" on all such checks.

13. On or before August 6, 2025, the Settlement Administrator shall prepare and execute a declaration accounting for its distribution of the Settlement Fund as required by this Final Approval Order and Judgment, and Settlement Class Counsel shall file the declaration with the Court.

**ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD**

14. The Court approves Settlement Class Counsel's request for attorneys' fees in the total amount of $3,833,333.33 and out-of-pocket expenses in the amount of $57,366.53. The Settlement Administrator shall pay the Fee and Expense Award to Settlement Class Counsel from the Settlement Fund as provided in Section 2.1 of the Agreement [ECF No. 165-1 ¶2.1].

15. The Court awards $15,000.00 to Matthew N. Fulton, DDS, P.C., the named plaintiff in this action, for serving as the Class Representative. The Settlement Administrator shall pay the Incentive Award to Plaintiff from the

Settlement Fund as provided in Section 2.1 of the Agreement [ECF No. 165-1 ¶ 2.1].

16. The Court approves the Settlement Administrator's request for payment of $317,250.41 from the Settlement Fund for Administrative Expenses totaling $317,250.41 [ECF No. 172-1 ¶ 18], and authorizes the Settlement Administrator to withdraw that amount from the Settlement Fund in accordance with the Settlement Agreement [ECF No. 165-1 ¶¶ 3.14, 2.1].

## RELEASE

17. Each Settlement Class Member, including the Class Representative, is: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendants and the Released Persons from all Released Claims, as defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these Released Claims. The full terms of the release described in this paragraph are set forth in Section 5 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, the Class Representative and Settlement Class Members are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor, and (ii) any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542.

18. The Settlement Agreement and this Final Order and Judgment apply to all claims or causes of action released under the Settlement Agreement and bind the Class Representative and all Settlement Class Members who did not properly

request exclusion.  The Settlement Agreement and this Final Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation or the Class Action Complaint.

19. Any appeal relating solely to Settlement Class Counsel's requests for attorneys' fees, expenses, and Plaintiff's incentive award, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

## **OTHER PROVISIONS**

20. The Settlement Agreement and this Final Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendants of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

21. No Settling Party may offer into evidence any non-public documents, supporting materials, representations, statements, or proceedings relating to the Settlement in any action or proceeding beyond the Litigation. The Settlement Agreement and this Final Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment.

22. Consistent with Section 7 of the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur:  (a) the

Final Order and Judgment and all of their provisions, will be vacated, including, but not limited to, any Fees and Expenses Award to Settlement Class Counsel and any Incentive Award granted to the Class Representative, and the Final Order and Judgment will not waive, release, or otherwise impact the Parties' rights or arguments in any respect; and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as of March 29, 2023 as if the Settlement Agreement had never been entered into. No term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Litigation. The full terms of the effect of disapproval of the Settlement described in this paragraph are set forth in Section 7 of the Settlement Agreement and are specifically approved and incorporated herein by this reference.

23. The Court hereby dismisses the Litigation in its entirety with prejudice, and without fees or costs except as otherwise provided for herein. All Released Claims identified in Section 5 of the Settlement Agreement are hereby released.

24. No person will have any claim against Plaintiff, Settlement Class Counsel, Defendants, Defendants' counsel, or the Settlement Administrator arising from or relating to actions, determinations, or distributions made substantially in accordance with the Settlement Agreement or orders of the Court.

25. Without affecting the finality of this Final Order and Judgment, the Court reserves and continues jurisdiction with respect to any disputes that arise related to the Settlement, including implementation and enforcement of the terms of the Settlement, and all other matters related to the administration,

consummation, and interpretation of the Settlement and/or this Final Order and Judgment.

For the reasons set forth above, the Court **GRANTS** final approval of the Settlement and enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: September 27, 2024          <u>s/Denise Page Hood</u>
                                   Hon. Denise Hood
                                   United States District Court Judge